## PEOPLE v. EDELSTEIN.

(Supreme Court, Appellate Division, Second Department.   March 4. 1904.)

1. CRIMINAL LAW—SANITARY CODE—CONSTRUCTION.

> The sanitary code of the city of New York (section 195), providing that no person owning a stable or other premises shall keep therein any dog "or other animal" which shall, by noise, disturb any person in the vicinity, does not apply to horses kept in stables, but only to dogs and other animals of the same kind.

Appeal from Court of Special Sessions of City of New York.

Bernard Edelstein was convicted of violation of the sanitary code, and appeals.   Reversed, and proceedings dismissed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Henry Fluegelman (Joseph J. Bach, on the brief), for appellant.

John J. Delany (James D. Bell and Edward H. Wilson, of counsel), for the People.

JENKS, J.   The charge was a violation of section 195 of the sanitary code of the city of New York.   The defendant was convicted and sentenced to pay a fine of $100, or, in default of payment, to imprisonment for 20 days.   The defendant kept a stable, and the offense proved was that horses therein stamped upon the floor throughout the night.

I am of opinion that the judgment of conviction must be reversed for the reason that the section does not apply.   It reads:

"No person owning, occupying or having charge of any stable or other premises, shall keep or allow therein or thereon any dog or other animal which shall by noise disturb the quiet or repose of any person therein or in the vicinity, to the detriment of the life or health of any human being."

It is to be noted that the ordinance is made first applicable to stables. The words "other premises" must be construed with reference to the word "stable," for reasons which, being hereinafter given, need not now be stated.   Stables are peculiarly for the keep of horses, and almost exclusively so in large cities.   If this ordinance, in terms applicable to stables, was intended to apply to horses, why did it not so provide, either in comprehensive general phrase or in specific terms? On the contrary, it primarily prohibits in stables or like places the keep or sufferance of dogs.   This specification makes for the exclusion of horses.   The offense proved is not within the purview of the ordinance, unless the words "or other animal" apply to horses.   I think that the rule, "Generi per speciem derogatur," applies.   Of course, if the ordinance had simply read "animal," then horses would have been within its purview, but, when it reads "dog or other animal," these general words following the specific term must be defined and limited by it.   So that the expression "other animal," used after "dog," must be read as applying to animals ejusdem generis.   See Endlich on Interpretation of Statutes, § 405; Sutherland on Statutory Construction, § 268, where a curious and apt decision per Bayley, J., in Ex parte Hill, 3 C. & P. 225, is cited; Chegaray v. Mayor, 13 N. Y. 220, 229; People ex rel. Davidson v. Gilon, 126 N. Y. 147, 156, 27 N. E. 282;

Blaschko v. Wurster, 156 N. Y. 437, 443, 51 N. E. 303.   I think, then, that the ordinance is aimed at the keep of dogs in stables or like places, which by their noise (e. g., howls, baying, or barking) disturb quiet or repose, to the detriment of life or health, or of such other animals, for whose keep stables are not primarily provided, as by their noise do the like.

The judgment of conviction should be reversed, and the proceeding dismissed.   All concur.